■ GENI SCHRAGER, Respondent, v R. H. MACY & COMPANY, INC., Appellant. — Appeal from an order of the Supreme Court, New York County (Seymour Schwartz, J.), entered May 23, 1984, directing that defendant's answer be stricken unless it

fully comply with disclosure orders by persons having personal knowledge of the facts and pay to plaintiff the sum of $5,000 in costs, all within 30 days after service of a copy of the order, dismissed, without costs as superseded.

Order of the Supreme Court, New York County (Seymour Schwartz, J.), entered July 12, 1984, which denied defendant's motion for renewal and reargument modified, without costs, on the law, the facts and in the exercise of discretion, to the extent of granting renewal and upon such renewal, reducing the sanction to $2,500 and granting defendant 30 days from the date of the order to be entered herein to fully comply with all discovery orders and otherwise affirmed. In the event that defendant cannot, for any reason, produce any of the witnesses required to be deposed, it shall move, at Special Term, within such 30-day period, to be relieved of the obligation to produce them.

Order of the Supreme Court, New York County (Seymour Schwartz, J.), entered September 24, 1984, granting plaintiff's motion to strike defendant's answer and setting the matter down for an assessment of damages, reversed, on the law, the facts and in the exercise of discretion, and the motion denied, without costs.

Plaintiff's suit arises out of her alleged detention and assault by defendant's security guards after the purchase of merchandise in defendant's Trendsetters and Charles Jourdan departments. Discovery was scheduled at a pre-calendar conference which was only partially complied with by defendant. Further discovery was scheduled at a supplemental pre-calendar conference. Defendant again complied in part. However, it contended that as to the remainder it was still investigating to ascertain whether the documents sought existed. With respect to certain of the employees sought to be deposed, it asserted that they were no longer in Macy's employ. As to the latter, it furnished the last known addresses of such employees.

A motion to strike defendant's answer was followed by another pre-calendar conference at which further arrangements were made for discovery which led to naught. A second motion to dismiss followed, in opposition to which defendant contended that it had complied as fully as it was capable of doing. Special Term concluded that defendant had raised an issue of fact as to compliance and its capacity to further comply and set the matter for hearing before a special referee. The hearing before the special referee consisted of submission of the papers before Special Term and legal argument. No testimony was taken. On the basis of the material before him he concluded that defendant had failed to comply with the discovery orders and recommended

that defendant's answer be stricken unless it paid substantial costs and complied with the discovery orders. Special Term approved the special referee's findings and conclusions, imposed a sanction of $5,000 and required defendant to comply with all discovery orders within 30 days. In the event of defendant's failure to comply with the order, its answer was to be stricken. A motion to renew or reargue was denied and was followed by a motion to strike defendant's answer and to set the matter down for an assessment of damages. The latter motion was granted and defendant appeals from all three orders.

The record discloses that although there may be some basis for concluding that defendant may not have been in a position to comply with all facets of the discovery ordered by the court, it never moved to be relieved from the obligations of compliance therewith. Where a party contends it is unable to comply with discovery because an employee sought to be examined is no longer in its employ, it is under an obligation to come forward and so inform the court. Defendant did not do this. Hence, Special Term was justified in imposing a substantial sanction. However, we are of the opinion that a penalty of $5,000 was too great. Accordingly, we reduce it to $2,500. In light of the reduction, we extend defendant's time to comply with the discovery orders for a period of 30 days from the entry of the order herein. Inasmuch as we have extended defendant's time to make discovery, or in the event it cannot do so, to be relieved of the obligation to do so, it follows that the order striking defendant's answer and setting the matter down for an assessment of damages is premature and must be reversed. Concur — Sandler, J. P., Bloom and Milonas, JJ.

Fein, J., dissents in a memorandum as follows: I respectfully dissent.

I would affirm the order appealed from. It is plain that, as even the description in the majority opinion demonstrates, the defendant has engaged in a studied effort to avoid disclosure of essential evidence in defiance of court orders. It failed to comply with the order of Justice Kassal dated March 8, 1982, the order of Justice Ascione dated October 5, 1982, the order of Justice Wright dated May 25, 1983 and the orders of Justice Seymour Schwartz entered May 23, July 12 and September 4, 1984. As the majority opinion concedes, it may well be that defendant has now successfully precluded such discovery.

As Justice Schwartz wrote:

"Defendant shall not be permitted to profit from its repeated failures to provide court ordered discovery.

"If because of these delays plaintiff is unable to obtain the discovery to which she is entitled thereby jeopardizing her ability to prove her case it is proper to strike defendant's answer so that defendant, rather than plaintiff is penalized."

As Justice Wright noted in his order of May 25, 1983, a series of calendar conferences was required to make clear to defendant its obligation to proceed. Nonetheless, it failed to comply.

There should be an end to dilatory practices with respect to discovery and disclosure. There was a proper exercise of discretion by Justice Schwartz. An appeal should not be a vehicle to escape from one's obligations in the face of such proper exercise of discretion by Special Term. The court is now rewarding defendant for its tactics by reducing the monetary sanction and pointing the way for defendant to avoid completely its duty to comply with repeated court orders.